# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: FLUOROQUINOLONE<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2642 (JRT) |
| | **MEMORANDUM OPINION AND ORDER GRANTING 90-DAY PTO 18 EXTENSION** |
| THIS DOCUMENT RELATES TO: | Master Docket Case No. 0:15-md-02642 |
| *Chauvin v. Bayer HealthCare Pharmaceuticals Inc.*<br>Case No. 0:18-cv-00579-JRT. | |

The present dispute requires the Court the determine whether, based on the Court's prior pre-trial orders ("PTO"), Plaintiffs' Leadership or Litigating Plaintiffs are now responsible for retaining and producing general causation and liability experts for pre-trial motion practice. The Court finds that this responsibility is not covered by PTO 4, but that PTO 18 does require Plaintiffs to undertake this responsibility. The Court will therefore also find, by failing to retain such experts, that Plaintiffs Barbara and Mark Chauvin (the "Chauvins") are noncompliant with PTO 18. Instead of dismissing their case with prejudice for failure to comply with PTO 18, however, the Court will grant the Chauvins 90 days from the date of this Order to comply with PTO 18.

**BACKGROUND**

The parties are familiar with the factual and procedural background of this multi-district litigation ("MDL"). Accordingly, the Court will only discuss here the factual and procedural history necessary to resolve the current dispute.

The Court issued PTO 4 on March 17, 2016. (PTO No. 4, March, 17, 2016, MDL No. 15-2642, Docket No. 112.) PTO 4 designates Plaintiffs' Leadership Counsel and governs their activities. (*Id.* at 1.) PTO 4 states, in relevant part, that Plaintiffs' Leadership "shall take the lead in litigating these matters on behalf of all Plaintiffs, meaning that they shall play the lead role in making strategic, tactical, and procedural decisions" on behalf of all Plaintiffs. (*Id.* at 3.) Even so, PTO 4 notes that individual plaintiffs, "retain the right to choose to act in their own best interest in these proceedings." (*Id.*) PTO 4 also requires Plaintiff's Leadership to perform certain general discovery and pre-trial motion practice for the benefit of all plaintiffs, including "[i]nitiat[ing], coordinat[ing] and conduct[ing] all generic pretrial discovery on behalf of all Plaintiffs" and "[s]ubmit[ing] . . . any motions to the Court on behalf of all Plaintiffs as well as oppos[ing], as appropriate, any motions submitted by Defendants" on behalf of all Plaintiffs. (*Id.* at 3–4.) Finally, PTO 4 notes that Plaintiffs' Leadership has responsibility for trial preparation for "bellweather and/or test case trial(s)." (*Id.* 6 (internal quotation marks omitted).)

To meet the demands of PTO 4 and for the benefit and on behalf of all Plaintiffs, Plaintiffs' Leadership retained four experts that produced reports on general causation

and liability. (*See* Decl. of Lori B. Leskin ¶¶ 3–9, Exs. 1–7, May 23, 2018, MDL No. 15-2642, Docket No. 615 (citing reports and depositions of the general experts).).

On May 23, 2018, Bayer filed a Motion to Exclude three of the four experts under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). (Mot. to Exclude, May 23, 2018, MDL No. 15-2642, Docket No. 613). Plaintiffs' Leadership opposed the Motion, and Bayer replied. (*See* Pl.'s Mem. Opp. Mot. to Exclude, June 19, 2018, MDL No. 15-2642, Docket No. 641; Def's Reply, July 2, 2018, MDL No. 15-2642, Docket No. 651.).

Before the Court considered the Motion, however, Plaintiffs' Leadership entered into a Memorandum of Understanding that created a voluntary settlement program between Plaintiffs' and the Bayer and Merck Defendants. Accordingly, on October 11, 2018, the Court issued an Order temporarily staying the proceedings, including Bayer's Motion to Exclude. (Order Staying Bayer and Merck Cases, Oct. 11, 2018, MDL No. 15-2642, Docket No. 709.)

On January 2, 2019, in light of the voluntary settlement program, the Court issued PTO 18, which set forth production requirements that all plaintiffs in the Bayer and Merck cases opting not to settle under the voluntary settlement program ("Litigating Plaintiffs") were required to adhere to. (PTO 18 ¶ 9, Jan. 2, 2019, MDL No. 15-2642, Docket No. 758.) Among other things, PTO 18 required Litigating Plaintiffs to produce, no later than 120 days after electing not to settle, (1) an expert report on general causation concerning the

alleged injury/injuries; and (2) an expert report on the basis for liability concerning the Bayer and Merck Defendants. (PTO 18 ¶ 9(f), 10(a).) PTO 18 also set forth consequences for Litigating Plaintiffs that fail to comply: an Order to Show Cause, followed by dismissal with prejudice. (PTO 18 ¶ 11.) Five days later, on January 7, 2019, Bayer voluntarily withdrew its Motion to Exclude based on the settlement program and PTO 18. (Letter Withdrawing Motions, Jan. 7, 2019, MDL No. 15-2642, Docket No. 759.)

At some point after this, the Chauvins decided not to participate in the voluntary settlement program and became Litigating Plaintiffs subject to the requirements of PTO 18. On October 7, 2019, Bayer filed a Motion for an Order to Show Cause against Chauvins, arguing that the Chauvins had failed to comply with PTO 18. (Mot. Order to Show Cause, Oct. 7, 2019, Case No. 18-579, Docket No. 19.)

On October 10, 2019, the Court granted the Motion and issued an Order to Show Cause, directing the Chauvins to (1) file proof of curing the alleged discovery deficiency; (2) file a stipulation dismissing the Bayer and Merck Defendants with prejudice; or (3) appear before the Court to show good cause why the Court should not dismiss the case. (Order to Show Cause, Oct. 11, 2019, 18-579 Docket No. 23.)

On November 20, 2019, the Court held a hearing on the Order to Show Cause and granted the Chauvins a 40-day extension—until December 30, 2019—to comply with PTO 18. (Minutes on Status Conference and Show Cause Hearing, Nov. 21, 2019, MDL No. 15-2642, Docket No. 943.) The parties filed additional briefing, (Case No. 18-579, Docket

Nos. 26–27), and, on February 19, 2020, the Court held an additional Show Cause hearing (Minutes on Status Conference and Show Cause Hearing, Feb. 19, 2020, MDL No. 15-2642, Docket No. 981.)

**DISCUSSION**

The parties primarily dispute whether the Chauvins under PTO 18 or Plaintiffs' Leadership under PTO 4 are responsible for retaining and producing general causation and liability experts. The Chauvins argue that, because a few of the cases in the MDL have not settled or been dismissed, Plaintiffs' Leadership is responsible for defending *Daubert* challenges against general causation and liability experts and that it is not the Chauvins' responsibility to retain and hire these experts.

The Court disagrees. PTO 4 directs Plaintiffs' Leadership to make strategic decisions for the common benefit of all plaintiffs and to defend pre-trial motions presented to the Court on behalf of all plaintiffs. It does not require Plaintiffs' Leadership to defend case-specific motions and in fact preserves the right of individual plaintiffs to act in their own self-interest.[1] Plaintiffs' Leadership made the strategic decision to enter

---

[1] At the Show Cause hearing, Counsel for the Chauvins argued vaguely that Plaintiffs' Leadership owed a fiduciary duty to the Chauvins to defend any *Daubert* motions related to general causation and liability experts. Because the Court finds PTO 4 does not create any duty—fiduciary or otherwise—for Plaintiffs' Leadership to defend case-specific motions, the Chauvins' argument fails. *See Casey v. Denton*, No. 3:17-CV-00521, 2018 WL 4205153, at *4 (S.D. Ill. Sept. 4, 2018) (noting that "[o]ne can only act in a fiduciary capacity, and thus have a fiduciary duty, to the
*(footnote continued on next page)*

the settlement agreement for the common benefit of all plaintiffs. The Chauvins evidently disagreed with Plaintiffs' Leadership's decision to settle—as is their right—and decided to continue litigating their claims. In so doing, however, the Chauvins became responsible for complying with PTO 18 and responding to any case-specific motions Defendants may file. PTO 18 requires Litigating Plaintiffs to serve general causation and liability reports on Defendants. Serving these reports necessarily entails the responsibility of retaining the experts who prepared the reports; if it did not, Litigating Plaintiffs could not guarantee the experts would testify at trial and therefore could not be prepared for trial. Because the Chauvins have not retained general causation and liability experts, the Court finds that the Chauvins have failed to comply with PTO 18. Instead of dismissing their case with prejudice, however, the Court will grant the Chauvins 90 days from the date of this Order retain the proper experts and to otherwise comply with PTO 18.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' must comply with PTO 18, which necessarily includes formally retaining general causation and liability experts, within 90 days from the date of this Order;

---

extent his actions comport within the boundaries set by the agreement initially creating the relationship").

2. At the expiration of that time, Defendants may renew their Motion to Show Cause if Plaintiffs have not yet complied with PTO 18.

DATED: April 6, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court