UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: FLUOROQUINOLONE<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2642 (JRT) |
| | MEMORANDUM OPINION AND ORDER<br>DISMISSING FOR FAILURE TO SHOW<br>CAUSE |
| THIS DOCUMENT RELATES TO: | |
| *Barbara Chauvin and Mark Chauvin v.*<br>*Bayer HealthCare Pharmaceuticals Inc.*<br>Case No. 0:18-cv-00579-JRT. | Master Docket Case No. 0:15-md-02642 |

Guy J. Bercegeay, Michael Leon Cohen, and W. Evan Plauche, **HAILEY, MCNAMARA, HALL, LARMANN & PAPALE LLP**, 1 Galleria Boulevard, Suite 1400, Metairie, LA 70001, for Plaintiff.

Andrew Keith Solow, **ARNOLD & PORTER KAYE SCHOLER LLP**, 250 West 55th Street, New York, NY 10019, for Defendant.

Litigating Plaintiffs Barbara and Mark Chauvin ("the Chauvins") had a 90-day extension, expiring July 6, 2020, to comply with Pre-Trial Order 18 ("PTO 18") by retaining general causation and liability experts.  After the Chauvins filed a Memorandum in Support of Compliance with PTO 18, Defendant Bayer Healthcare Pharmaceuticals, Inc. filed a renewed Motion for an Order to Show Cause arguing the Chauvins did not comply with PTO 18.  Because the Chauvins have not retained the required experts and therefore have not complied with PTO 18, despite multiple orders and extensions of time to do so, the Court will dismiss their case with prejudice.

**BACKGROUND**

The parties are familiar with the factual and procedural background of this multi-district litigation ("MDL"). This Order will therefore only discuss the factual and procedural developments relevant to the current dispute.

The Court issued PTO 18 on January 2, 2019, in light of a voluntary settlement program entered into by Plaintiffs' Leadership for the MDL. (PTO 18, Jan. 2, 2019, MDL No. 15-2642, Docket No. 758.) PTO 18 sets forth production requirements for all plaintiffs who opted not to settle ("Litigating Plaintiffs"). Among other things, PTO 18 requires production, within 120 days after electing not to settle, of certain documents and information, including pharmacy records, medical records, and expert reports on general causation, case-specific causation, and the basis for Defendant's liability. (*Id.* ¶ 9–10.) It also sets forth consequences for failure to comply as an Order to Show Cause, followed by dismissal with prejudice. (*Id.* ¶ 11.) In an order issued April 6, 2020 (the "April 6 Order"), the Court clarified that PTO 18's requirements include that Litigating Plaintiffs "formally retain[] general causation and liability experts." *In re Fluoroquinolone Prods. Liab. Litig.*, No. 18-579, 2020 WL 1677966, at *3 (D. Minn. Apr. 6, 2020).

On April 6, 2020, the Court granted Litigating Plaintiffs Barbara and Mark Chauvin a 90-day extension to comply with PTO 18.[1] *See id.* The Chauvins filed a Memorandum

---

[1] The Court previously ordered the Chauvins to show cause on October 10, 2019. (Order Show Cause, Oct. 11, 2019, Docket No. 23.) The Court granted the Chauvins a 40-day extension to comply with PTO 18. (Minutes on Status Conference and Show Cause Hearing, Nov. 21, 2019,

in Support of Compliance with PTO 18 on July 6, 2020, the last day of the 90-day extension. (Pls.' Mem. Supp. Compliance, July 6, 2020, Docket No. 30.). Thereafter, Defendant renewed its Motion for an Order to Show Cause, asserting that the Chauvins did not comply with PTO 18 as required by the April 6 Order. (3rd Mot. Order Show Cause, July 17, 2020, Docket No. 31.)

The Court granted Defendant's Motion on August 4, 2020, ordering the Chauvins to show cause why the case should not be dismissed. (Order Show Cause, Aug. 4, 2020, Docket No. 34.) In response, the parties submitted memoranda in opposition and support of dismissal. (*See* Mem. Opp. 3rd Mot. Show Cause, Aug. 7, 2020, Docket No. 35; Reply Mem. Supp. 3rd Mot. Show Cause, Aug. 19, 2020, Docket No. 36.) The Chauvins filed a Motion for Leave to File a Surreply, including letters sent to Plaintiffs' Leadership experts on August 10, 2020. (Pls.' Mot. Surreply, Aug. 25, 2020, Docket No. 38; Exs. Supp. Mot. Surreply, Aug. 25, 2020, Docket No. 40.) The Court heard arguments on August 28, 2020.

## DISCUSSION

The parties dispute whether Litigating Plaintiffs, the Chauvins, complied with PTO 18 as ordered by the Court on April 6, namely whether the Chauvins have retained general causation and liability experts. Although this is the same question addressed by the April

---

MDL No. 15-2642, Docket No. 943.) Then, the parties filed additional briefing, (Docket Nos. 26–27), and, on February 19, 2020, the Court held an additional Show Cause hearing (Minutes on Status Conference and Show Cause Hr'g, Feb. 19, 2020, MDL No. 15-2642, Docket No. 981), which resulted in the April 6 order. (*See* Mem. Op. Order at 4–5, Apr. 6, 2020, Docket No. 29.)

6 Order, the Chauvins purport to offer several new arguments supporting their position that they do not need to take further action to comply. In addition, Plaintiffs argue for the first time that Defendant waived its ability to bring a *Daubert* challenge against expert witnesses. Despite these new arguments, the Chauvins have still not retained the required experts and, as such, have not shown cause why their case should not be dismissed. Accordingly, the Court will dismiss the case with prejudice.

The Court's April 6 Order explicitly required the Chauvins, as Litigating Plaintiffs, to retain general causation and liability experts as stated in PTO 18. *In re Fluoroquinolone*, 2020 WL 1677966, at *3. This requirement is well within the Court's significant discretion to "organize, coordinate, and adjudicate" pre-trial proceedings. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (affirming MDL court's dismissal of claims for failure to comply with discovery orders). Additionally, PTO 18 comports with Federal Rule of Civil Procedure 26(a)(2)(B), which requires that expert witnesses who are **retained** be disclosed to the other parties.

The Chauvins have neither retained the required experts nor assured the Court they could produce experts for deposition at pre-trial motion hearings. The letters sent to Plaintiff's Leadership experts are insufficient as retainers because they do not show that the experts have agreed to be retained or that the experts would be available for pre-trial motions as required by PTO 18. The Chauvins did not even send the letters until August 10, well outside the 90-day extension for compliance with PTO 18.

-4-

Furthermore, the Chauvins are incorrect that Defendant waived its *Daubert* challenge. Defendant withdrew the prior *Daubert* motion in conjunction with the voluntary settlement agreement and preserved the right to renew the challenge with respect to experts offered by Litigating Plaintiffs.[2] Because the Defendant has repeatedly informed the Court that they will, in fact, renew the *Daubert* challenge if the Chauvin's case proceeds to discovery, and because *Daubert* challenges will be managed by this Court, the Chauvins must retain experts for examination as required by PTO 18.[3]

## CONCLUSION

All told, the status quo has not changed since April: PTO 18 and the April 6 Order require the Chauvins to retain experts and the Chauvins have not done so. Accordingly, the Court finds that the Chauvins did not show cause why their case should not be dismissed and, as specified by PTO 18, the Court will dismiss the case with prejudice.

---

[2] *See* Letter to Judge, Jan. 7, 2019, MDL Case No. 15-2642, Docket No. 759 ("Defendants hereby withdraw the [Motion to Exclude Expert Testimony Under Federal Rules of Evidence 702 and *Daubert*] without prejudice, subject to renewal[.]").

[3] The Chauvins also argue that the Court should transfer this case to the Eastern District of Louisiana because there are so few cases remaining in the MDL that pretrial management is no longer necessary. However, PTO 18 provides for *Daubert* motions to be heard by this Court, and the case will not be transferred unless it is trial ready. (*See* PTO 18, Jan. 2, 2019, MDL No. 15-2642, Docket No. 758.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 6, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court